United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2006**

Charles R. Fulbruge III
Clerk

REVISED FEBRUARY 24, 2006
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-21005
Summary Calendar

AHMAD YAZDCHI; HABIBOLLAH YAZDCHI; AND ABBAS YAZDCHI,

Plaintiff-Appellants,

versus

GEICO; ALLSTATE INSURANCE; TRAVELERS INSURANCE COMPANY; STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; BAYOU CITY ACTION POOL,
INC.; AND MATTHEW GRONER, D.B.A. MATTHEW AUTO SALES,

Defendant-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-04-1494
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Yazdchis, plaintiffs in this case, file an appeal from the

District Court's dismissal for lack of subject-matter jurisdiction.

The plaintiffs are relatives of Ali Yazdchi, the owner of a

business involved in selling automobiles. Ali Yazdchi was

prosecuted by the State of Texas for fraud based on reselling

salvaged or wrecked cars as new to consumers after disguising the

damage. Upon his release, Ali Yazdchi filed a suit against the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants in state court alleging that they did not disclose the true condition of various automobiles, causing him to unknowingly commit the frauds for which he was prosecuted. The matter before us is an identical suit filed by relatives of Mr. Yazdchi in federal court, and Ali Yazdchi is not a plaintiff here.

The District Court dismissed based on a failure to prove federal subject matter jurisdiction. The only basis alleged by the appellants is diversity jurisdiction. The Yazdchis claim to be residents of Iran. Allegation of residency is insufficient - the plaintiff must allege citizenship to satisfy diversity requirements. Nadler v. American Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985). Additionally, the record shows that the plaintiffs have represented that they are residents of Harris County to other courts and are therefore domiciled in Texas. 28 U.S.C. § 1332. Because at least one of the defendants is also a citizen of Texas, there is no diversity jurisdiction here. The decision of the district court is AFFIRMED.